UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER CORDELL, | No. 2:15-cv-0992 TLN CKD P |
| Plaintiff, | |
| v. | ORDER |
| S. ROBERT, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

I. Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

II. Allegations

Plaintiff commenced this action on May 7, 2015. (ECF No. 1.) Before the complaint was screened, plaintiff filed an amended complaint (ECF No. 7), which the court reviews herein.

1    Plaintiff names one defendant, a Registered Nurse named Robert, along with a John Doe
2 defendant who worked as the "scheduler" at the B-Yard Clinic at Mule Creek State Prison.
3 Plaintiff alleges as follows:

4    In April 2014, he went to the B-Yard clinic complaining of chest pains and shortness of
5 breath.  In May 2014, based on an x-ray, plaintiff was diagnosed with emphysema with tumor-
6 type nodules.  He was issued an inhaler.  (ECF No. 7 at 3.)

7    Between June 2014 and January 2015, plaintiff made numerous requests for medical
8 appointments based on his worsening emphysema symptoms.  He alleges that Robert and the
9 clinic's scheduler failed to provide him with "prompt access to proper medical care" (id. at 5), as
10 they did not book appointments, examine, or treat him as often as his symptoms required.

11    However, plaintiff had some access to medical care during this period:  On August 7,
12 2014, his request for a heart stress test was approved.  (ECF No. 7, ¶ 9.)  On August 25, 2014, his
13 request for a pulmonary function test was approved.  (Id., ¶ 11.)  On September 2, 2014, the
14 pulmonary function test was performed.  (Id., ¶ 12.)  On September 8, 2014, the heart stress test
15 was performed.  (Id., ¶ 13.)  That month, plaintiff was able to review the results of both tests in a
16 medical appointment.  (Id., ¶ 15.)  On December 7, 2014, plaintiff underwent a CAT scan.  (Id., ¶
17 22.)  On December 16, 2014, plaintiff had an appointment with Robert.  (Id., ¶ 22.)  On
18 December 27, 2014, plaintiff refused to attend a scheduled appointment with Robert, as he
19 wanted to see a doctor.  (Id., ¶ 26.)  On January 12, 2015, Robert notified plaintiff that his next
20 appointment was set for January 23, 2014.  (Id., ¶ 30.)

21    On January 16, 2015, plaintiff was transferred to another prison, where he received better
22 and more frequent medical care for his emphysema.  (Id., ¶¶ 33-39.)

23    Plaintiff claims that Robert and the scheduler were deliberately indifferent to his serious
24 medical need by "ignoring my repeated complaints of severe and chronic pain from my chest,
25 shortness of breath, and decreasing effectiveness of my inhalers."  (Id. at ¶ 40.)  He asserts that he
26 should have had more frequent "chronic care" appointments, given his condition and numerous
27 requests to see a doctor.

28 ////

III. <u>Medical Indifference</u>

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. <u>Id.</u>; see <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006); <u>Hallett v. Morgan</u>, 296 F.3d 732, 744 (9th Cir. 2002); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. <u>Jett</u>, 439 F.3d at 1096, citing <u>McGuckin v. Smith</u>, 974 F.2d 1050 (9th Cir. 1991), <u>overruled on other grounds by</u> <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" <u>Id.</u>, citing <u>Estelle</u>, 429 U.S. at 104. "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" <u>Lopez</u>, 203 F. 3d at 1131-1132, citing <u>McGuckin</u>, 974 F.2d at 1059-60.

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. <u>Jett</u>, 439 F.3d at 1096. This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. <u>Id.</u> Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." <u>Id.</u> at 839. A showing of merely negligent medical care is not enough to establish a constitutional violation. <u>Frost v. Agnos</u>, 152 F.3d 1124, 1130 (9th Cir. 1998), citing <u>Estelle</u>, 429 U.S. at 105-106.

Here, plaintiff does not state a deliberate indifference claim against Robert, as there is no reason to believe Robert was responsible for scheduling – or deciding not to schedule – plaintiff's

4

clinic appointments. Nor does plaintiff allege, in non-conclusory terms, that Robert had the culpable state of mind required for an Eighth Amendment claim. (See, e.g., ECF No. 7, ¶ 41 (defendants' actions were "retaliatory" so as to "knowingly prevent[] access" to medical care).

As to the person(s) who scheduled plaintiff's clinic appointments, the court typically disregards "John Doe" defendants, as they cannot be served.[1]

The amended complaint will be dismissed for failure to state a claim. However, plaintiff will be granted one opportunity to file an amended complaint.

IV.  Leave To Amend

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No.2) is granted.

---

[1] However, if a case goes forward, it may be possible for a plaintiff to ascertain a John Doe's identity in discovery and amend the complaint at that time.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation, filed concurrently herewith.

3. Plaintiff's complaint is dismissed for failure to state a claim.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: July 8, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / cord0992.14.new